IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| STEPHANIE LEWIS, | ) | |
| --- | --- | --- |
| PLAINTIFF, | ) | |
| vs. | ) | No. _____ |
| SAMUEL B. HEGGIE, JR., | ) | JURY DEMAND |
| DEFENDANT. | ) | |

## COMPLAINT

Comes the Plaintiff, Stephanie Lewis, and for her cause of action against the Defendant would respectfully show to the Court and Jury as follows:

### I. The Parties

1.1 The Plaintiff, Stephanie Lewis, is a resident of Bowling Green, Warren County, Kentucky.

1.2 The Defendant, Samuel B. Heggie, Jr., is, upon information and belief, a resident of Cottontown, Sumner County, Tennessee and may be served at 4760 Highway 31 West, Cottontown, Tennessee 37048.

### II. Jurisdiction

2.1 This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) as the matter in controversy exceeds $75,000.00, and is between citizens of different states.

### III. Venue

3.1     Venue of this action is proper pursuant to 28 U.S.C. 1391(a) in that the Defendant resides in, and the events giving rise to the action occurred in, the Middle District of Tennessee.

### IV. Factual Statements

4.1     On Tuesday, February 11, 2020, Ms. Lewis was working for Papa Johns, and was making a pizza delivery to 4760 Highway 31 West, Cottontown, Tennessee 37048.

4.2     The property at 4760 Highway 31 West, Cottontown, Tennessee 37048 was owned by Defendant Heggie.

4.3     As Ms. Lewis was walking on the sidewalk approaching the Defendant's front door, she fell due to an abrupt raised portion of the sidewalk that was hidden due to overgrown grass.

4.4     The raised portion of the sidewalk caused Ms. Lewis to trip and fall head first into the Defendant's front steps.

4.5     As a result of the fall, Ms. Lewis suffered significant physical injuries including an injury to her right shoulder that has required two surgeries.

4.6     The abrupt change in elevation between the walking surfaces of the sidewalk was a trip hazard and created a condition that was unsafe and unreasonably dangerous.

4.7     Defendant Heggie was responsible for the maintenance of the sidewalk in front the home.

4.8     Defendant Heggie failed to maintain the sidewalk in front of his home in a reasonably safe condition.

4.9     Defendant Heggie knew about the abrupt change of elevation in the sidewalk prior to Ms. Lewis being injured due to the elevation change.

4.10    It is foreseeable that an abrupt change in elevation in a sidewalk can be hazardous to a person using the sidewalk.

4.11    The abrupt change in elevation in the sidewalk was unmarked, and the adjoining portions of the sidewalk were of the same color and material making it difficult for pedestrians, such as Ms. Lewis, to notice.

4.12    It is foreseeable that a person using the sidewalk would be focused on their ultimate destination, would not have their eyes looking directly down as they walked, and would expect the sidewalk to be in a safe condition for individuals making deliveries to the home.

4.13    It is reasonable for individuals using a sidewalk to assume that the owner of the sidewalk is performing proper maintenance of the sidewalk.

4.14    It is reasonable for the individual using a sidewalk to expect that the sidewalk is maintained in good repair and free of trip hazards.

4.15    An abrupt change in elevation in adjoining walking surfaces in excess of 1/4 inch is unsafe and unreasonably dangerous.

4.16    At the time Ms. Lewis was injured, the abrupt change in elevation of the Defendant's sidewalk was in excess of 1/4 inch.

4.17    At the time of and immediately prior to Ms. Lewis's injury, Defendant Heggie had not taken steps to correct the unsafe condition of the sidewalk.

4.18    Defendant Heggie failed to provide any warning to Ms. Lewis of the abrupt change in elevation of the sidewalk.

3

Case 3:24-cv-00501    Document 1    Filed 04/22/24    Page 3 of 6 PageID #: 3

4.19    Ms. Lewis was walking in a careful, cautious and prudent manner, and had no reason to expect that the Defendant's sidewalk had an abrupt change of elevation.

4.20    Ms. Lewis did not do anything or fail to do anything which caused or contributed to her injuries in any way.

4.21    A previous lawsuit in this matter had been filed and non-suited less than one year prior to the filing of this lawsuit such that Ms. Lewis's claim is not barred by Tennessee's one-year statute of limitations pursuant to Tenn. Code Ann. § 28-1-105.

## COUNT I

5.1    The Defendant owed Ms. Lewis a duty to maintain the property in a safe condition; to inspect the property to discover unsafe conditions; to take corrective measures to remove or repair unsafe conditions which could be remedied; and to warn of conditions which could not, as a practical matter, be removed or repaired.

5.2    The Defendant breached the above-listed duties to Ms. Lewis, in the following ways:

    a.    The Defendant failed to provide Ms. Lewis with a reasonably safe walkway because the abrupt change in elevation in the sidewalk increases the risk of missteps and trips and lacked adequate visual cues to inform Ms. Lewis that a misstep and trip hazard was present;

    b.    The Defendant failed to properly inspect the sidewalk to identify these unsafe conditions;

    c.    The Defendant failed to correct the unsafe conditions; and

    d.    The Defendant failed to provide any markings of the abrupt change in elevation to provide adequate warning of the trip hazard.

4

Case 3:24-cv-00501    Document 1    Filed 04/22/24    Page 4 of 6 PageID #: 4

5.3     The breach by the Defendant was the cause in fact and proximate cause of the damages and injuries the Plaintiff suffered and constitutes negligence on the part of the Defendant.

5.4     As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT II

6.1     This count is reserved for future amendments, if necessary.

## DAMAGES

7.1     As a direct and proximate result of the Defendant's negligence, Ms. Lewis received substantial emotional, physical, and economic injuries.

7.2     As a direct and proximate result of the Defendant's negligence, Ms. Lewis has incurred substantial medical expenses for treatment of her injuries.

7.3     As a direct and proximate result of the Defendant's negligence, Ms. Lewis received painful injuries, has suffered both in body and mind, lost some of her ability to perform her usual activities, and lost some of her capacity to enjoy the pleasures of life.

7.4     As a direct and proximate result of the Defendant's negligence, Ms. Lewis has suffered a permanent injury.

**WHEREFORE, AND IN CONSIDERATION OF THE ABOVE, THE PLAINTIFF PRAYS:**

1.     That proper process issue and be served upon the Defendant, requiring the Defendant to answer this Complaint within the time required by law;

2. That the Plaintiff be awarded a judgment against the Defendant, in an amount to be determined by the trier of fact not to exceed the greater of the maximum amount permitted by law or $500,000.00 to compensate the Plaintiff for pain and suffering, any permanent injury and/or disfigurement, loss of capacity for the enjoyment of life, the cost of the Plaintiff's medical care services, any loss of wages and/or earning capacity, pre- and post-judgment interest, and the costs and discretionary costs in this cause;

3. That this cause be tried by a jury; and,

4. That the Plaintiff have such other, further, and general relief as to which she is entitled.

Respectfully submitted,

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: /s/ James Bryan Moseley
    James Bryan Moseley,    No. 021236
Attorneys for Plaintiff

237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
Phone: (615) 254-0140
Fax: (615) 634-5090
bryan.moseley@moseleylawfirm.com