**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **STEPHANIE LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **INTREPID INSURANCE COMPANY,** | ) | **Case No. 3:24-cv-00501** |
| | ) | **Judge Aleta A. Trauger** |
| **Intervening Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PATRICK HEGGIE, Administrator** | ) | |
| **ad Litem of the Estate of Samuel B.** | ) | |
| **Heggie, Jr.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM and ORDER</u>

In this facially simple premises liability lawsuit, plaintiff Stephanie Lewis seeks to recover damages incurred when she tripped and fell on the front walkway of Samuel B. Heggie, Jr.'s home while she was delivering a pizza, as an employee of Papa John's, in February 2020. Samuel Heggie having died during the pendency of this lawsuit, the plaintiff now proceeds against the Estate of Samuel B. Heggie, Jr., represented by Patrick Heggie as the Administrator *ad Litem*. For simplicity, the court nonetheless refers to Samuel Heggie herein as the "defendant." The case is set for trial on January 5, 2026.

The parties have both filed numerous interrelated motions *in limine* concerning the issue of the plaintiff's medical expenses, including: (1) the plaintiff's Motion *in Limine* No. 1 – to Exclude References to Collateral Sources (Doc. No. 78); (2) the plaintiff's Motion *in Limine* No.

8 – Regarding Reasonableness of Medical Bills (Doc. No. 85); (3) the defendant's Motion *in Limine* to Exclude any Evidence of Plaintiff's Medical Expenses (Doc. No. 100); and (4) the defendant's Motion *in Limine* to Exclude Portion of Deposition Testimony of Dr. Paul Grutter and Exclude Certain Exhibits (Doc. No. 101). Each party has filed responses in opposition to the other's motions.

The court has diversity jurisdiction, and there is no dispute that Tennessee law governs certain aspects of this case. The primary focus of the particular motions now before the court is whether the plaintiff is entitled to the statutory presumption afforded by Tenn. Code Ann. § 24-5-113(b)(1) and, further, whether she can present proof of her medical expenditures. As set forth herein, the court finds that the plaintiff has not shown that she is entitled to invoke the statutory presumption and has not produced any evidence of the reasonableness of her medical bills. Those conclusions effectively moot the plaintiff's Motion *in Limine* No. 1 and require that the defendant's Motion to Exclude Certain Exhibits be granted, at least in part.

## I.    LEGAL STANDARDS

District courts adjudicate pretrial motions *in limine* under their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). Courts should grant a pretrial motion to exclude evidence only when the evidence is "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Because courts are "almost always better situated during the actual trial to assess the value and utility of evidence," *In re E.I. du Pont de Nemours*, 348 F. Supp. 3d at 721 (citation omitted), often the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise,"

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Thus, the denial of a motion *in limine* does not necessarily mean that the evidence that is the subject of the motion will be admissible at trial. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Rather, "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The district court may change its ruling on the motion *in limine*, whether prior to trial or at trial, "where sufficient facts have developed to warrant the change." *Id.*

## II. PLAINTIFF'S MOTION IN LIMINE NO. 8 – REGARDING REASONABLENESS OF MEDICAL BILLS

### A. Background

Generally speaking, an individual "injured by another's negligence may recover damages from the other person for all past, present, and prospective harm." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 267 (Tenn. 2015) (quoting *Singh v. Larry Fowler Trucking, Inc.*, 390 S.W.3d 280, 287–88 (Tenn. Ct. App. 2012)). Two types of damages are recoverable: "economic (or pecuniary) damages and non-economic (or personal) damages." *Dedmon v. Steelman*, 535 S.W.3d 431, 437 (Tenn. 2017) (citation omitted). Economic damages include, among other things, past medical expenses. *Id.* Of course, "[t]he party seeking damages has the burden of proving them." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).

The Tennessee Supreme Court has explained that, to recover an award of past medical expenses, the plaintiff must "prove that the medical bills paid or accrued because of the defendant's negligence were both 'necessary and reasonable.'" *Dedmon*, 535 S.W.3d at 438 (quoting *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009)). Typically, the plaintiff "must present competent expert testimony to meet this burden of proof." *Id.* (quoting *Borner*, 284 S.W.3d at 218). "A physician who is familiar with the extent and nature of the medical treatment a party has received

may give an opinion concerning the necessity of another physician's services and the reasonableness of the charges." *Id.* (quoting *Long v. Mattingly*, 797 S.W.2d 889, 893 (Tenn. Ct. App. 1990)). The testifying physician providing such an opinion must demonstrate "(1) knowledge of the [plaintiff's] condition, (2) knowledge of the treatment [she] received, (3) knowledge of the customary treatment options for the condition in the medical community where the treatment was rendered, and (4) knowledge of the customary charges for the treatment." *Id.* (citation omitted).

However, under Tennessee law, a plaintiff in a personal injury case may, in certain circumstances, be entitled to a rebuttable presumption as to the reasonableness of the medical expenditures incurred in the treatment of the injuries, without the necessity of expert testimony. The procedures for invoking this presumption are set out by statute:

> [I]n any civil action for personal injury brought by an injured party against the person or persons alleged to be responsible for causing the injury, if an itemization of or copies of the medical, hospital or doctor bills which were paid or incurred because of such personal injury are served upon the other parties at least ninety (90) days prior to the date set for trial, there shall be a rebuttable presumption that such medical, hospital or doctor bills are reasonable.

Tenn. Code Ann. § 24-5-113(b)(1). To rebut this presumption, the defendant must serve on the plaintiff, "at least forty-five (45) days prior to the date set for trial, a statement of that party's intention to rebut the presumption. Such statement shall specify which bill or bills the party believes to be unreasonable." *Id.* § 24-5-113(b)(2).

The plaintiff in this case seeks to invoke § 24-5-113(b)(1) to establish the reasonableness of her medical expenditures. She asserts that she "complied with this provision by serving an itemization of the Plaintiff's medical expenses on the Defendant on May 23, 2023" and that she supplied a "subsequent itemization which contains the current style of the case but [is] otherwise

identical was made an exhibit to Dr. Grutter's deposition." (Doc. No. 85 at 3.)[1] She further states that the original itemization was "served in the case which had been filed in the Sumner County Circuit Court," and she claims that, per this court's Initial Case Management Order ("ICMO"), "the discovery conducted in that prior suit was extended to the present lawsuit." (*Id.* at 3 n.1 (citing Doc. No. 30).) The ICMO indeed provides that the "parties' discovery completed in the prior case may be used but need not be supplemented." (Doc. No. 30 at 4.)

The plaintiff further asserts that, because she provided an itemization in accordance with the statute, the burden shifted to the defendant to serve notice of an intent to rebut along with the specific bill or bills the defendant believes to be unreasonable within forty-five days prior to trial. (Doc. No. 85 at 3.) She acknowledges that the defendant sent the plaintiff a notice of intent to rebut on November 24, 2025, but she claims that the defendant did not identify any specific bills he believes to be unreasonable and has not disclosed a medical expert to provide rebuttal testimony. She argues that the defendant's notice was therefore insufficient and that she is entitled to a statutory presumption that her medical expenditures as itemized are reasonable, pursuant to § 24-5-113(b)(1), without the need for expert testimony to that effect, and that the defendant should not be permitted to introduce evidence to rebut that presumption. (*Id.* at 4.)

The defendant has filed a Response in Opposition to Plaintiff's Motion *in Limine* No. 8. (Doc. No. 111.) He argues that (1) the plaintiff has never complied with Tenn. Code Ann. § 24-5-113, in either the prior state court lawsuit or in this lawsuit; (2) even if she had complied with it in the state court case, a notice provided in a state court case that was subsequently nonsuited does not entitle the plaintiff to a presumption in a subsequently filed federal lawsuit; and (3) a provision

---

[1] The plaintiff identifies Paul Grutter, M.D. as a treating physician on her Witness List. (Doc. No. 117 at 2.)

for the use of prior *discovery* from the state court lawsuit does not entitle her to rely on a statutory evidentiary presumption at trial, because a statutory evidentiary presumption is not discovery. Additionally, the defendant argues that the plaintiff has never actually produced or authenticated her unredacted medical bills in discovery in this case and, in any event, never properly "served" them on him.

More specifically, the defendant maintains that the plaintiff did not "serve" her medical expenditure itemization in the nonsuited state court case, and the only time she did conceivably serve it was during the deposition of Dr. Grutter, which took place on November 24, 2025, less than ninety days prior to trial. Instead, by referencing May 23, 2023 as the date on which she supposedly "served" the prior itemization, the plaintiff "admits" that the "service" to which she refers was actually a "demand letter emailed to Defendant's counsel," to which the itemization was attached. (Doc. No. 111 at 4 n.1.) The defendant apparently concedes receipt of this demand letter, but he further argues that, even if an attachment to a settlement demand emailed to defense counsel could satisfy the "service" requirement incorporated in the statute, such notice did not carry over to this lawsuit. The defendant also maintains that the plaintiff has never produced, in discovery or otherwise, complete and unredacted copies of her medical bills.

### B.    Discussion

Section 24-5-113(b)(1), as set forth above, includes two key requirements: (1) that the itemization or actual medical bills be "served" upon the defendant; and (2) that such service occur at least ninety days prior to trial. Neither party has identified a Tennessee state or federal case addressing these requirements. Indeed, it appears that in most cases in which the statute has been invoked, there is no dispute as to whether the plaintiff complied with the service requirement. *See, e.g., Boettcher v. Shelter Mut. Ins. Co.*, No. 2:14-cv-02796-JPM-dkv, 2016 WL 3212184, at *3 (W.D. Tenn. June 8, 2016) ("In the instant case, the parties do not dispute that Plaintiffs served

Shelter with itemized medical bills at least ninety days before trial."); *Wilson v. Monroe Cnty.*, 411 S.W.3d 431, 442 (Tenn. Ct. App. 2013) (no dispute as to whether the plaintiff complied with § 24-5-113(b)); *Iloube v. Cain*, 397 S.W.3d 597, 604 (Tenn. Ct. App. 2012) ("In this case, Mr. Cain did not challenge the reasonableness of the medical expenses allegedly incurred by Mr. Iloube."). The court has located no court opinions in which service of the itemization (or bills) was at issue.

However, courts in Tennessee and elsewhere generally hold that statutes in derogation of the common law, including those creating presumptions, must be narrowly construed. *See, e.g.*, *Garramone v. Dugger*, No. M2023-00677-COA-R3-CV, 2024 WL 4880377, at *10 (Tenn. Ct. App. Nov. 25, 2024) (statutory fee shifting statute in derogation of Tennessee common law must be construed narrowly); *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 83 (Tenn. 2001) (waiver of governmental immunity narrowly construed); *Maysay v. Hickman*, 297 S.W.2d 662, 664 (Tenn. Ct. App. 1936) (statutory evidentiary presumption as to automobile ownership narrowly construed); *accord Miller v. Mylan Inc.*, 741 F.3d 674, 678 (6th Cir. 2014) ("It is axiomatic that statutes in derogation of the common law should be narrowly construed." (quoting *Badaracco v. Comm'r*, 464 U.S. 386, 403 n.3 (1984) (Stevens, J., dissenting))).

Specifically regarding § 24-5-113, the Tennessee Supreme Court has stated:

> Our role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope. In fulfilling this role, we presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. When the language of the statute is clear, we apply its plain meaning, without complicating the task.

*Borner*, 284 S.W.3d at 219 (Tenn. 2009) (internal citations omitted). Applying these principles, the court held that the plaintiff failed to comply with the statute and was not entitled to the statutory

presumption in that case, because she attached redacted medical bills to her complaint.[2] This court believes that the Tennessee Supreme Court would apply the same principles to conclude that a plaintiff seeking to benefit from the presumption afforded by § 24-5-113(b) must strictly comply with its unambiguous provisions. And the plaintiff clearly has the burden of proving such compliance, since she has the burden of proving reasonableness. Here, the plaintiff has not attached to her motion a copy of the itemization she supposedly served on the defendant in 2023. According to the defendant, the itemization was supplied in the course of a different lawsuit and was not "served" as that term is defined by Tennessee law. Instead, it was attached as an exhibit to an emailed settlement demand.

In May 2023, Rule 5.02 of the Tennessee Rules of Civil Procedure stated that "service" of a document upon an attorney could be made by "delivering to the attorney a copy of the document to be served, or by mailing it to such person's last known address, or if no address is known, by leaving the copy with the clerk of the court." Tenn. R. Civ. P. 5.02(1) (2020). "Delivery" under this provision meant "handing it to the attorney or to the party; or leaving it at such person's office

---

[2] That case involved a different subsection of § 24-5-113 which states that, if a plaintiff attaches an itemization or copies of bills paid or incurred as an exhibit to a complaint, such "bills itemized and attached as an exhibit shall be *prima facie* evidence that the bills so paid or incurred were reasonable and reasonable." Tenn. Code Ann. § 24-5-113(a)(1). This "*prima facie* presumption" of reasonableness based on an itemization or bills attached to a complaint only applies if "the total amount of such bills does not exceed the sum of four thousand dollars." *Id.* § 24-5-113(a)(3). The Tennessee Supreme Court held that "[a] plaintiff may not rely on the presumption, however, if the medical bills itemized with copies attached to the complaint have been altered to reflect a total of $4,000 or less." *Borner*, 284 S.W.3d at 220. In that case, the plaintiffs altered the bills attached to the complaint to bring the total amount of the bills within the $4,000 limit. The Tennessee Supreme Court held that the statute "refers to 'bills,' not 'charges' or 'portions of bills,'" and that it "requires "'copies of bills' to be attached to the complaint." *Id.* at 219. The court held that a redacted bill did not qualify as a "copy" and that the "reliability of such bills as *prima facie* evidence of necessity and reasonableness is diminished if the plaintiff is permitted to alter such bills unilaterally." *Id.* Because the plaintiffs had redacted the bills attached to the complaint, and because the original bills exceeded the $4,000 maximum, the court held that the plaintiffs were not entitled to rely on the presumption afforded by § 24-5-113(a). *Id.* at 220.

with a clerk or other person in charge thereof; or, if there is none in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." *Id.* In addition, service was permitted by "emailing the attorney the document in Adobe PDF to the attorney's email address," but, for service by email to be effective, the sender had to "include language in the subject line designed to alert the recipient that a document is being served under this rule." Tenn. R. Civ. P. 5.02(2)(a) (2020). In addition, in May 2023, the rule further provided that, to effect service of a document by email, the sender also had to "send by mail, facsimile or hand-delivery a certificate that advises that a document has been transmitted electronically" on the same date as the electronic transmission. *Id.* The rule was amended in July 2023, shortly after the "service" in question here, to omit this latter requirement, but, even as amended, the rule required notice in the subject line "designed to alert the recipient that a document is being served under this rule."[3]

The plaintiff here has not established that she "served" the itemization, as the term was defined in Rule 5.02 in May 2023 or as defined in Rule 5.02 as amended in July 2023. Therefore, she has not shown that the May 2023 itemization purportedly attached to a settlement demand complied with the "service" component of § 24-5-113(b), even though it took place substantially more than ninety days prior to the date set for trial. As for the service of the itemization that the defendant concedes occurred during Dr. Grutter's deposition on November 24, 2025, that service did not comply with the "at least ninety days" requirement, since trial is set for January 6, 2026.

---

[3] The Federal Rule of Civil Procedure governing service in this context permitted service of a document by email only if the receiving attorney consented to service by email. This rule would not have pertained to a lawsuit then pending in state court. Regardless, the plaintiff has presented no evidence that defense counsel consented to service of documents by email.

The provision of unredacted medical bills during the course of discovery in the state court lawsuit would have satisfied the service requirement and would likely have permitted the plaintiff to invoke the statutory presumption in this lawsuit, particularly because the ICMO expressly stipulated that discovery would carry over. But a settlement demand is not discovery, and the plaintiff also has not established that she supplied the defendant with unredacted copies of her medical bills in discovery more than ninety days prior to trial. As noted above, the Supreme Court has expressly held that redacted, edited versions of medical bills are not "copies" for purposes of § 24-5-113. *See Borner*, 284 S.W.3d at 219 ("A 'copy' is commonly understood as '[a]n imitation or reproduction of an original.' Black's Law Dictionary 360 (8th ed. 2004). Applying this definition, a redacted bill is clearly not a 'copy' of the original bill."). Therefore, redacted versions would not qualify as copies of bills for purposes of § 24-5-113(b) either.

In short, the plaintiff has not produced evidence that she served an itemization of her medical expenditures or unredacted copies of her medical bills upon the defendant at least ninety days prior to the date set for trial. Accordingly, she has not, for purposes of her motion at least, established that she is entitled to benefit from the presumption afforded by § 24-5-113(b)(1). Her Motion *in Limine* No. 8 – Regarding Reasonableness of Medical Bills (Doc. No. 85) will therefore be denied.

## III.    DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S MEDICAL EXPENSES

The defendant has filed a motion to exclude evidence of the plaintiff's medical expenses or the reasonableness of such expenses, on the grounds that the plaintiff has failed to identify any expert competent to testify as to reasonableness, and the court has already stated, in the context of ruling on the parties' summary judgment motions, that the plaintiff would need expert proof to establish both the reasonableness and necessity of her medical expenses. (Doc. No. 100 at 1.) The

defendant points out that the only medical expert the plaintiff has identified is Dr. Grutter, and Dr. Grutter testified unequivocally that he had not reviewed the medical bills and could not provide any opinion as to the reasonableness or necessity of any particular charge. (*Id.* at 2–3 (citing Doc. No. 100-1, Grutter Dep. 65–66).)

In her Response, the plaintiff expressly concedes that evidence that medical bills are reasonable and necessary "typical[ly] requires expert proof" and that her "treating physician did not testify concerning the reasonableness of her bills." (Doc. No. 130 at 1.) She maintains, however, that she is entitled to the presumption of reasonableness provided by Tenn. Code Ann. § 24-5-113(b)(1). She further maintains that Dr. Grutter is competent to testify about, and has testified in his deposition about, the necessity and reasonableness of the plaintiff's *treatment*, as distinct from the cost of that treatment. In a footnote, she adds that the defendant "obtained a copy of Plaintiff's medical records which included the bills in question" and obtained a copy of the "entire worker's compensation file from the Intervening Plaintiff." (Doc. No. 130 at 2 n.2.)

Notably, as discussed above, the plaintiff has not argued—or presented evidence showing—that she served the defendant an itemization of medical expenditures or complete copies of her medical bills within ninety days prior to trial, for purposes of the § 24-5-113(b)(1) presumption of reasonableness. And her only response to the defendant's motion to exclude evidence of the reasonableness of her expenses is that she relies on the statutory presumption of reasonableness. Without a witness qualified to testify as to their reasonableness, the medical bills themselves are not relevant and are not admissible. *Accord Holzmer v. Est. of Walsh*, No. M2022-00616-COA-R3-CV, 2023 WL 4836691, at *7 & n.8 (Tenn. Ct. App. July 28, 2023) (finding that the trial court did not abuse its discretion in excluding the plaintiff's medical bills "because there was no expert testimony on the necessity of the *expenses*," as distinct from the necessity of the

*treatment*, and also noting that it had no need to consider the evidence of reasonableness, since the plaintiff was required to prove both the reasonableness and necessity of the expenses, and she could not prove necessity).

The plaintiff argues that, in any event, Tennessee courts do not view medical expenses as hearsay and that medical bills can be introduced by a plaintiff. (Doc. No. 130 at 4 (citing *Russell v. Crutchfield*, 988 S.W.2d 168 (Tenn. Ct. App. 1998)).) Indeed, in *Russell*, the court held that the medical bills were not hearsay and could be introduced by the plaintiff, but that was because the plaintiff testified that she received the bills for services actually provided to her. The bills were not hearsay because they were not being admitted for the truth of the matter asserted but were, instead, direct evidence of the charges incurred by the plaintiff, regarding which the plaintiff had firsthand knowledge. *Russell*, 988 S.W.2d at 171; *see id.* ("The bills were not hearsay. Their probative value in showing [the plaintiff's] damages did not depend upon an out-of-court assertion, but upon [the plaintiff's] assertion, based on an adequate foundation, that [s]he received them for the services provided [her]. Thus, the bills were not merely reports of what the service providers charged, they were the charges themselves." (quoting approvingly *Walters v. Littleton*, 290 S.E.2d 839, 841 (Va. 1982))). In this case, however, it appears that the plaintiff's medical bills were received and paid by her employer's workers' compensation insurer. The plaintiff has not suggested that she herself received the bills or has first-hand knowledge about them.

In short, the plaintiff has not satisfied the requirements of § 24-5-113(b) and, therefore, is not entitled to a presumption as to the reasonableness of her medical expenses. She has offered no other viable basis for introducing the billing records into evidence. Because she cannot establish the reasonableness of her medical expenses, the court need not even reach the question of whether

the expenditures were necessary. Accordingly, the court will grant the defendant's Motion *in Limine* to Exclude Evidence of Plaintiff's Medical Expenses. (Doc. No. 100.)

This ruling, however, has no effect on the question of whether Dr. Grutter can testify about the plaintiff's medical *treatment* and the necessity of that treatment, which is a wholly different question from the cost of that treatment.

## IV.    DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PORTION OF DEPOSITION TESTIMONY OF DR. PAUL GRUTTER

Separately, the defendant moves to exclude a portion of Dr. Paul Grutter's testimony, which the plaintiff seeks to introduce through his deposition, as well as certain exhibits to Grutter's deposition, specifically including (1) Exhibit 17, an itemization of the plaintiff's medical expenses that was prepared specifically as an exhibit to Grutter's deposition (though the plaintiff maintains that it is identical to the one she sent plaintiff's counsel in May 2023, except that she changed the case caption to the caption for this case instead of the nonsuited state court case); (2) any actual medical bills that were the source of the itemization; (3) medical records that were not from Dr. Grutter's practice but from other practitioners, including Emergency Room records, a radiology report, and others; and (4) a Papa John's manual.

Regarding the itemization and the billing records, the plaintiff's Response focuses on whether the itemization is a proper "summary" exhibit under Federal Rule of Evidence 1006 and continues to maintain, based on *Russell*, that the plaintiff herself can introduce the billing records into evidence. (Doc. No. 131 at 1–2.) As set forth above, the plaintiff cannot introduce the itemization or the billing records through Dr. Grutter, based on his testimony that he had never seen any of the medical bills prior to his deposition and could not say whether any particular charge was necessary, had never done any independent research or investigation into hospital billing practices, and had no idea of the customary charges for the services the plaintiff received. (*See*

Doc. No. 101-1, Grutter Dep. 65–66.) The plaintiff also is not entitled to introduce the medical bills into evidence herself, because she has not shown that she actually received or incurred those bills. The motion to exclude the itemization and any underlying medical bills will be granted.

As for the Papa John's manual, the manual appears to have been introduced into the record because it was in Dr. Grutter's medical file for the plaintiff. Plaintiff's counsel asked him during his deposition only whether, after he "give[s] the restrictions for a patient to the employer," he has "any control over whether or not the employer has a job that works within their restrictions or not." (*See* Doc. No. 101-1, Grutter Dep. 29.) The defendant argues that the manual should be excluded based on lack of foundation, since Dr. Grutter did not testify that he relied on it and was not even asked about how it came to be in his files. In her Response, the plaintiff maintains that the document was authenticated by Dr. Grutter as a part of his medical records and that is relevant to his treatment plan. She argues that the manual falls within an exception to the hearsay rule, Fed. R. Evid. 803(4), and is a business record under Rule 803(6). (Doc. No. 131 at 3–4.)

The court notes that Dr. Grutter was not asked during his deposition about anything the manual said, and the manual clearly does not qualify as a statement made for medical diagnosis or treatment under Rule 803(4). However, the manual appears to be a business record contained within Dr. Grutter's files. The court, at this juncture, cannot conclude that the manual is excludable as hearsay. The motion to exclude the Papa Johns manual will be denied, but without prejudice. Any argument as to authenticity and relevance can be raised at trial.

Finally, the defendant contends that Dr. Grutter is not competent to testify about or to authenticate medical records from other providers and that his testimony and those records should be excluded. He argues that these records constitute hearsay and that plaintiff's counsel failed to lay a proper foundation for them. The plaintiff does not actually respond to this aspect of the

defendant's motion. (*See generally* Doc. No. 131.) The court, however, will not rule at this juncture on the admissibility of medical records from providers other than Dr. Grutter. The motion addressed to other medical records will be denied, but the defendant can renew his objections based on authenticity and hearsay at trial. As a generally matter, the court finds that Dr. Grutter will be permitted to testify as to the reasonableness of the plaintiff's medical treatment based on his own treatment of her injuries.

In sum, this motion (Doc. No. 101) will be granted in part, and the itemization entered as Exhibit 17 and any underlying billing records will be excluded. Otherwise, the motion is denied, but without prejudice to the defendant's ability to raise objections based on hearsay and authenticity at trial.

## V. PLAINTIFF'S MOTION TO EXCLUDE REFERENCE TO COLLATERAL SOURCES

In her Motion *in Limine* No. 1, the plaintiff seeks to exclude from trial "any reference to or evidence of payments made to or on behalf of the Plaintiff from collateral sources, including but not limited to health insurance, Medicare, Medicaid, workers' compensation, or any third-party payments, reductions, or gratuities." (Doc. No. 78 at 1.) The plaintiff argues that the Tennessee Supreme Court has made it clear that "evidence of payments made . . . by a collateral source are not admissible to reduce a defendant's damages." (Doc. No. 78 at 2 (citing *Dedmon v. Steelman*, 535 S.W.3d 431, 433 (Tenn. 2017)).) The defendant argues that this motion is effectively moot, because collateral source evidence is only relevant to the adjustment of medical bills, and the plaintiff will not be able to present any evidence regarding her medical bills.

The court agrees, for the reasons set forth above. Because the plaintiff will not be able to present evidence of her medical bills, the question of whether they were paid by another source is

irrelevant. The motion, at least insofar as it pertains to the issue of medical bills, will be denied as moot.

## VI.    CONCLUSION AND ORDER

For the reasons set forth herein:

(1) The plaintiff's Motion *in Limine* No. 8 – Regarding Reasonableness of Medical Bills (Doc. No. 85) is **DENIED**, because the plaintiff has not established that she satisfied the requirements of Tenn. Code Ann. § 24-5-113(b)(1) and therefore has not shown that she is entitled to a presumption that her medical bills are reasonable.

(2) The defendant's Motion *in Limine* to Exclude any Evidence of Plaintiff's Medical Expenses (Doc. No. 100) is **GRANTED**.

(3) The defendant's Motion *in Limine* to Exclude Portion of Deposition Testimony of Dr. Paul Grutter and Exclude Certain Exhibits (Doc. No. 101) is **GRANTED IN PART**, with respect to Exhibit 17 (billing itemization) to Dr. Grutter's deposition and any underlying billing records. Otherwise, the motion is **DENIED WITHOUT PREJUDICE** to the defendant's ability to renew objections based on hearsay and authenticity at trial.

(4) The plaintiff's Motion *in Limine* No. 1 – to Exclude References to Collateral Sources (Doc. No. 78) is **DENIED AS MOOT**. Since the plaintiff will not be introducing into evidence any medical bills or any evidence regarding the reasonableness, necessity, or, indeed, payment of her medical bills, the issue of payment of her medical bills through a collateral source should not come up and, in any event, would be irrelevant.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge