**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **STEPHANIE LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **INTREPID INSURANCE COMPANY,** | ) | **Case No. 3:24-cv-00501** |
| | ) | **Judge Aleta A. Trauger** |
| **Intervening Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PATRICK HEGGIE, Administrator** | ) | |
| **ad Litem of the Estate of Samuel B.** | ) | |
| **Heggie, Jr.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Following a jury trial in which a verdict was returned for the defendant, plaintiff Stephanie Lewis has filed a Motion for New Trial (Doc. No. 159). She argues that a new trial is required because the court erred in (1) excluding the testimony of her proffered expert, David Johnson; (2) excluding defendant Samuel Hegge's "knowledge concerning walkway safety issues" but permitting the introduction of evidence regarding the plaintiff's prior falls and injuries; and (3) refusing to incorporate into the jury instructions the court's summary judgment rulings as to the defendant's notice of the condition of the sidewalk and that the fall on the sidewalk caused the plaintiff's injuries. The defendant opposes the motion. (Doc. No. 161.)

For the reasons set forth herein, the motion will be denied.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 authorizes a district court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial is appropriate when the jury reaches a "seriously erroneous result as evidenced by (1) the verdict being against the [clear] weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. 2013) (quoting *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012)). The decision whether to grant a new trial is within the trial court's discretion, which may be established if the court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Id.* (citations omitted).

Where the motion for a new trial is based on erroneous evidentiary rulings, evidentiary rulings are also committed to the trial judge's discretion. *Id.* at 510. To be entitled to a new trial based on this ground, the movant must show that the erroneous ruling was prejudicial in that it "affected the outcome of the trial." *Id.*

If the motion for a new trial is based on the court's refusal to give a particular jury instruction, the movant must show that the omitted instruction was a correct statement of the law, that it was not "substantially covered by other delivered charges," and that the failure to give the requested instruction impaired his "theory of the case." *Id.*

The principle guiding the court's consideration of a motion for a new trial is whether a new trial is "required in order to prevent an injustice." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (quoting D*avis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990)). If so, the court "has the duty as well as the power to order a new trial." *Id.* (citation omitted).

## II.    DISCUSSION

### A.    Exclusion of Expert

The plaintiff's motion is primarily based on her contention that the court erred in excluding her proposed expert, and it largely reiterates the arguments the plaintiff made in opposition to the defendant's *Daubert* motion to exclude the expert (Doc. No. 127) and her Motion to Reconsider that ruling (Doc. No. 135).

The court, in the exercise of its discretion, granted *both parties'* motions to exclude the other's expert, finding that the proposed experts' testimony was unreliable and irrelevant, because it would not assist the jury in resolving the question of whether an unreasonably hazardous condition existed or whether the defendant exercised reasonable care. The plaintiff's third bite at this apple does not persuade the court to the contrary.

Moreover, the plaintiff simply cannot establish that she was prejudiced by the exclusion of her expert. If David Johnson had been permitted to testify, the defendant's proffered expert would also have been permitted to testify, and each expert's testimony would essentially have cancelled the other's, leaving the jury effectively in the same position it was with neither expert's testimony to consider.

The plaintiff is not entitled to a new trial based on this issue.

### B.    Evidentiary Rulings

Prior to trial, the defendant moved to exclude reference to his receipt of training at work pertaining to workplace safety and his personal experience with tripping over a marked hazard at work. (Doc. No. 94.) The plaintiff opposed the motion, arguing that this evidence was relevant to the issue of comparative fault. (Doc. No. 122 at 1.) The court granted the motion during the pretrial conference, finding that the defendant's safety training during his employment with Metro Water Services was not relevant to his obligation to maintain the walkway at his residence and that

whatever probative value the evidence might have was outweighed by the danger of unfair prejudice. The plaintiff has not shown that this evidentiary ruling amounted to an abuse of discretion or explained how it relates to the defendant's comparative fault. The defendant's workplace training related to manhole covers and the like was simply not relevant to the question of whether the condition of the walkway at his residence was unreasonably dangerous.

The plaintiff moved before trial to exclude evidence regarding her history of prior falls and injuries (Doc. No. 80), which the defendant opposed (Doc. No. 106). The court ruled during the pretrial conference that the plaintiff's testimony that she never looked down while walking and the evidence of prior falls were both relevant and admissible to the issue of the plaintiff's comparative fault. The plaintiff has not shown how this ruling constituted an abuse of the court's discretion. Moreover, because the jury found that the defendant was not at fault, it was never called upon to consider the plaintiff's comparative fault. (*See* Verdict Form, Doc. No. 156.) Consequently, the plaintiff cannot establish that she was prejudiced by the introduction of this evidence.

### C.    Jury Instructions

The parties filed their proposed jury instructions prior to trial. Taking into account all of the requests, the court presented draft jury instructions to the parties and then considered their objections during a charge conference. The plaintiff objected to, among other things, the court's decision not to include two short paragraphs, or partial paragraphs, that were in the plaintiff's proposed instructions, one appended to the pattern instruction on "Unsafe Conditions" and the other appended to the pattern instruction on "Comparative Fault," both of which the court found to be potentially confusing and unnecessary in light of the evidence presented to the jury. (*Compare* Doc. No. 143 at 9 with Doc. No. 153 at 16 (omitting "In this case, it has already been established that the defendant knew of the condition before plaintiff's injury. Therefore, I instruct you that the plaintiff has proven that portion of her case."); *and* Doc. No. 143 at 5 *with* Doc. No.

153 at 21 (omitting "In this case, it has already been established that the plaintiff's fall on the defendant's property caused her proximal humerus fracture and adhesive capsulitis. Therefore, I instruct you that the plaintiff has already proven this element of her claim.").

The plaintiff renews her objections to the omission of these sentences. The court finds that the instructions as given were not erroneous and that the plaintiff's proposed language was both unnecessary and potentially confusing given the context in which they appeared. First, the instructions correctly tracked the Tennessee Pattern Jury Instructions and simply omitted certain case-specific details the plaintiff wanted to include. The plaintiff fails to show that the omitted sentences were not "substantially covered by other delivered charges." *Cummins*, 727 F.3d 510.

Second, the jury heard uncontested evidence establishing that the defendant was aware of the condition of the sidewalk and that the plaintiff's shoulder injury was caused by her fall; it did not need to be instructed as to those undisputed facts. The purpose of jury instructions is to instruct the jury as to the law governing the case. *United States v. Sachs*, 801 F.2d 839, 846 (6th Cir. 1986)

Third, the plaintiff's proposed instructions were confusing, insofar as they implied that (1) the defendant not only knew about the condition of the sidewalk but that it was unsafe, and (2) the plaintiff's injury was caused, not simply by her fall, but by the defendant.

And finally, the plaintiff cannot show any prejudice resulting from the instructions as given. Aside from the fact that the instructions were legally correct, the jury found that the defendant was not negligent and, therefore, was never called upon to consider the plaintiff's comparative negligence. Because both of the instructions at issue related to the plaintiff's comparative fault, the omission of the plaintiff's proposed language could not have affected the outcome of this case.

## III. CONCLUSION AND ORDER

For the reasons set forth herein, the court finds that the plaintiff is not entitled to a new trial. Her Motion for New Trial (Doc. No. 159), therefore, is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge